IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD DAVID LUDWIG § | | |
|    TDCJ-CID NO. 592152 § | | |
| v. § | | C.A. NO. C-10-114 |
| § | | |
| NATHANIEL QUARTERMAN, § | | |

**MEMORANDUM OPINION AND ORDER DISMISSING
CERTAIN CLAIMS AND RETAINING CASE**

This case was filed as a civil rights action by a state prisoner pursuant to 42 U.S.C. § 1983.

Under the Prison Litigation Reform Act, Pub. L. No.104-134, 110 Stat. 1321(1996) ("PLRA"), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's claim for injunctive relief against TDCJ-CID Director Rick Thaler in his official capacity is retained, and service ordered on this

defendant. In addition, plaintiff's failure to protect claims against Warden Crites and State Classification Officers John/Jane Doe #1 and John/Jane Doe #2 are retained, and service will be ordered on these defendants. Plaintiff's remaining claims are dismissed.

## I. Jurisdiction.

The Court has federal question jurisdiction. 28 U.S.C. § 1331. Upon consent of the plaintiff (D.E. 7), this case was referred to the undersigned United States magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 8). See 28 U.S.C. § 636(c).

## II. Background and plaintiff's allegations.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the McConnell Unit in Beeville, Texas. He filed this action on April 26, 2010, alleging that defendants were failing to protect him from the threats of physical violence by another inmate, and that he needed to be transferred off the McConnell Unit. (D.E. 1). He named as defendants Nathaniel Quarterman, Warden Crites, and State Classification Committee Members Pamela Williams and Beverly Stewart. Id. at 3.

A Spears[1] hearing was conducted on June 3, 2010. The following allegations were made in plaintiff's original complaint or at the hearing:

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

In early 2010 at the McConnell Unit, plaintiff was assigned to a 2-man cell in general population, and he had a cell-mate named Kaohookele. Tensions rose between plaintiff and Kaohookele due to the fact that plaintiff worked at night and needed to sleep during the day, and Kaohookele did not want to restrict his daytime activities. Although plaintiff never talked to prison officials about moving Kaohookele, an inmate named Buzzard believed that plaintiff was going to take steps to have Kaohookele moved off the McConnell Unit. Buzzard, a high-ranking member in a Security Threat Group, did not want Kaohookele to be transferred.

On February 8, 2010, plaintiff learned that Buzzard was making threats against him. Plaintiff went and talked to Buzzard, but this did not remedy the problem. Thereafter, in an attempt to be moved to a different cell but not a different unit, Kaohookele filed a life in danger (LID) claim. Lieutenant Perales investigated Kaohookele's LID and concluded that the problem was merely a dispute between two cell-mates. Prison officials decided to separate Kaohookele and plaintiff, and the result was that plaintiff remained on the same pod as Buzzard, but in a different section; thus plaintiff could still encounter Buzzard during chow or recreation.

Plaintiff continued to receive threats from Buzzard and his gang associates. Plaintiff filed a LID, and on March 12, 2010, a Unit Classification Committee (UCC) meeting was held on plaintiff's claim. Major Gonzales recommended that plaintiff be transferred off the McConnell Unit. Plaintiff was moved to administrative segregation.

On April 2, 2010, a second UCC meeting was held at which plaintiff was informed that the State Classification Committee (SCC) had denied his transfer request. Warden Crites told plaintiff that he would not be transferred unless "he sustained serious bodily injury or death." Thereafter, on April 5, 2010, plaintiff was moved out of administrative segregation and returned to general population in the same housing section as Buzzard. Buzzard immediately began threatening plaintiff, and plaintiff filed an emergency grievance and LID claim.

On April 6, 2010, Lieutenant Phillip interviewed plaintiff in connection with his third LID claim. Lieutenant Phillip ordered him moved to 11 Building, Transient Isolation. Lieutenant Phillip ordered Officers Navarro and Campos to pack up plaintiff's personal property. Over half of plaintiff's personal property was not returned to him.[2]

On April 13, 2010, plaintiff was moved back to general population. Plaintiff is in the same pod as Buzzard and Kaohookele, and as such, contact is possible during chow and recreation. To avoid any encounters with Buzzard, plaintiff is skipping his meals and not attending recreation and religious services.

Plaintiff is suing defendants for failure to protect him in violation of the Eighth Amendment. Plaintiff claims that defendants were aware of a serious risk to his health and safety, but that they failed to alleviate the risk by not approving his transfer off the McConnell Unit.

---

[2] Plaintiff testified that he is not pursuing a lost property claim in this lawsuit.

At the June 3, 2010 evidentiary hearing, plaintiff was advised that Rick Thaler is the TDCJ-CID Executive Director, and plaintiff moved to dismiss Nathaniel Quarterman and to substitute Rick Thaler in his place. In addition, plaintiff testified that he did not know the names of the SCC members who denied his transfer request, and admitted that he named Pamela Williams and Beverly Stewart only because he knew their names. Plaintiff moved to substitute John/Jane Does for these two defendants until their identity can be confirmed. Plaintiff named Warden Crites as a defendant because he sat on the April 2, 2010 UCC that ordered him back into general population following the SCC's denial of his LID.

Plaintiff is seeking injunctive relief only.

### III.   Discussion.

#### A.   Legal standard.

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies. 42 U.S.C. § 1997e(c)(2). The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(per curiam) (citations); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).

The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

### B. Failure to protect.

Plaintiff contends that defendants have failed to protect him adequately from Buzzard's threats because they have not transferred him off the McConnell Unit despite the recommendation of Major Gonzales to do so.

Prison officials have a duty to protect prisoners from violence at the hand of other prisoners, as well as from excessive force by correctional officers. Cantu v. Jones, 293 F.3d 839, 844 (5th Cir. 2002) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Cantu, 293 F.3d at 844 (citing Farmer, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511 U.S. at 835.

In this case, plaintiff put defendants on notice of Buzzard's threats against him via three LID claims. Moreover, Major Gonzales, who investigated plaintiff's first LID, found the risk of harm serious enough to recommend a unit transfer. Not only did defendants deny the recommended transfer, they assigned plaintiff to general population in the same pod as Buzzard. Despite Warden Crites' statement to the contrary, an inmate subjected to a

substantial risk of harm is not required to suffer physical injury before obtaining relief. Farmer, 511 U.S. at 845 (citation omitted).

As to defendant Rick Thaler, plaintiff cannot establish that, as TDCJ-CID Executive Director, he was made aware of a risk of harm to plaintiff and ignored that risk. Thus, to the extent plaintiff is seeking to impose liability against Director Thaler in his individual capacity, plaintiff fails to state a claim, and his claim against Thaler in his individual capacity is dismissed. However, because plaintiff seeks injunctive relief, plaintiff's claim against Rick Thaler in his official capacity is retained. See Pennhurst State Sch. & Hospital v. Halderman, 466 U.S. 89, 100-03 (1984).

As to Warden Crites and the two John/Jane Doe defendants, plaintiff has stated sufficient facts for purposes of § 1915A to state a failure to protect claim against these individuals. According, plaintiff's claims against these defendants are retained, and service shall be ordered.

**V. Conclusion.**

For the reasons stated above, plaintiff's failure to protect claims against Warden Crites and the two John/Jane Doe defendants are retained, as is plaintiff's claim for injunctive relief against Rick Thaler in his official capacity. Plaintiff's claim against Rick Thaler in his individual capacity is dismissed. Nathaniel Quarterman is dismissed from this lawsuit as having been wrongly identified. Plaintiff's claims against Pamela Williams and Beverly

Stewart are dismissed without prejudice, but shall be reinstated if identified as the John/Jane Doe defendants..

ORDERED this 8th day of day of June, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE