IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD DAVID LUDWIG, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-10-114 |
| | § | |
| RICK THALER, ET AL., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER**

Pending is plaintiff's application for a preliminary injunction and temporary restraining order (D.E. 30-1, 30-2). For the reasons below, plaintiff's application is denied.

**I.   Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.   Background facts and plaintiff's allegations.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ-CID) and currently is incarcerated at the McConnell Unit in Beeville, Texas. Plaintiff filed this action on April 26, 2010, alleging that defendants were failing to protect him from threats of physical violence by another inmate and asking

to be transferred off the McConnell Unit (D.E. 1). Plaintiff filed his motion for injunctive relief on November 4, 2010.

In support of his motion for preliminary injunction and temporary restraining order, plaintiff asserts that on February 8, 2010 he was told by another offender, identified only as "Smith," that an offender known as "Buzzard" had threatened plaintiff with serious injury or death. Buzzard is a high-ranking gang member (D.E. 1, p. 4). At that time plaintiff's cell mate was an inmate named Edmund Kaohookele and was a member of the same gang as Buzzard. Buzzard was angry with plaintiff because he believed plaintiff had complained about Kaohookele and was trying to have Kaohookele transferred off the section (D.E. 1, p. 4).

At one point, the McConnell Unit Classification Committee recommended that plaintiff be transferred off the McConnell Unit, but the State Classification Unit refused to transfer plaintiff (Transcript of Evidentiary Hearing held June 3, 2010, D.E. 31, p. 10). Plaintiff was moved to 4 Building, away from Buzzard (Transcript, D.E. 31, pp. 22-23). Two of Buzzard's proteges have threatened plaintiff, but he did not report the threats (Transcript, D.E. 31, p. 23).

Plaintiff asserts that he avoids Buzzard and Kaohookele "at all costs," which means that he rarely goes to eat, skips medical lay-ins if either of them is in the medical waiting cage, skips the law library if Kaohookele is there, never goes to the exercise yard, never goes to church and rarely sleeps because he fears an attack. However, it has been eight months since plaintiff's request to be moved to another unit was denied and plaintiff

has not been harmed in that time.  Moreover, plaintiff testified at the hearing that on April 14, 2010 Buzzard waited from him in a hallway where no officers were present but did not harm him.  Rather, Buzzard "said a bunch of stuff and then just walked on." (Transcript, D.E. 31, p. 21).

### III. Discussion.

To obtain a preliminary injunction or temporary restraining order under Fed. R. Civ. P. 65, the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999).  Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance.  See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).  Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered.  United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

Plaintiff's motion fails to warrant such an extraordinary remedy.  Assuming he can prevail on the first requirement by showing a likelihood of success on the merits, plaintiff cannot prevail on the second, third and fourth elements.  Plaintiff was transferred away from the section where Buzzard was housed and since then Buzzard has not bothered him.  Plaintiff reported that Buzzard had an opportunity to harm him, but did not.

Although two of Buzzard's minions have threatened him, plaintiff did not file a report about the threat.

Furthermore, the ordering of injunctive relief at this time will not serve the public interest. Federal courts are reluctant to interfere in the internal affairs of local jails or state prisons. See Kahey v. Jones, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations). TDCJ-CID has a system in place to keep inmates out of harm's way. Plaintiff has not been harmed since reporting he was threatened eight months ago and has not reported any further threats or harm to prison officials. Plaintiff should avail himself of the reporting system offered by the prison before seeking extraordinary injunctive relief from the courts.

## IV. Conclusion

Based on the foregoing, plaintiff's motion for preliminary injunction and temporary restraining order (D.E. 30-1, 30-2) is DENIED without prejudice.

Ordered this 15th day of December, 2010.

_____
**B. JANICE ELLINGTON**
**UNITED STATES MAGISTRATE JUDGE**